UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br>1669 Benedict Canyon Drive<br>Beverly Hills, CA  90210,<br><br>PLAINTIFF<br>vs.<br><br>DEPARTMENT OF DEFENSE,<br>1400 Defense Pentagon<br>Washington, DC 20301-1400,<br><br>DEFENDANT | Civil Action No. _____ |

## **COMPLAINT**

### THE PARTIES

1. Plaintiff Jason Leopold is a citizen of California.

2. Plaintiff is an investigative reporter for VICE News covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. Additionally, his reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

3. Defendant Department of Defense ("DOD") is an agency of the United States within the meaning of 5 USC § 552(f).

4. The Defense Intelligence Agency ("DIA") is a component of Defendant Department of Defense.

5. The DIA has possession, custody and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

6. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

7. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B). Jurisdiction also lies with this Court under 28 USC § 1331.

8. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

9. On January 9, 2014, *Foreign Policy* reported that the Defense Intelligence Agency prepared a report on the damage caused by leaks by former National Security Agency contractor Edward Snowden. The report, "conducted by the Defense Intelligence Agency in coordination with other intelligence agencies across the government, according to two sources familiar with its findings. A spokesperson for the DIA said Lt. Gen. Michael Flynn, the agency's director, organized a task force 'to assess the potential impact to the Department of Defense from the compromise of this information.' But the spokesman did not say what, if any, conclusions the task force had reached about actual damage caused by documents Snowden took, regardless of whether they've been disclosed or not.

10. Plaintiff filed a FOIA request with a DIA for a copy of the damage report and related documents. After DIA did not respond to Plaintiff's FOIA request within the time period required by statute, Plaintiff filed a lawsuit. *See Leopold v. Department of Defense*, Case No. 1:14-cv-197 (TSC). DIA subsequently produced a copy of the report in redacted form, as well other documents which referred to the report.

11. The documents produced to Plaintiff in his previous lawsuit contained references to reports from the Interagency Review Task Force 1 (IRTF-1), IRTF-2, and Joint Staff Mitigation Oversight Task Force (MOTF).

12.     After learning about the existence of these task forces and the reports they produced, Plaintiff submitted a second FOIA request to DIA on June 29, 2015. In this request, Plaintiff sought:

- All Interagency Review Task Force-1 (IRTF-1) report(s) assessing the "damage" by the leaks of former National Security Agency contractor Edward Snowden.
- Any and all communications between the DIA and individual members of Congress and Congressional Committees mentioning or referring to the IRTF-1 report.
- Any and all communications between DIA and the National Security Agency (NSA) mentioning or referring to the IRTF-1 report.
- Any and all communications between the DIA and the State Department mentioning or referring to the IRTF-1 report.
- Any and all draft and final talking points mentioning or referring to the IRTF-1 report.
- Any and all communications between DIA personnel assigned to the IRTF-1 team and DIA Director Michael Flynn, the DIA Office of General Counsel, the Office of the DIA Chief of Staff and the Assistant Secretary of Defense for Legislative Affairs (LA).
- The IRTF-1's budget.
- Any and all records referring to the establishment of the Information Review Task Force "that was directed to examine the harm to national security caused by Edward Snowden's unlawful disclosures."
- Any and all reports prepared by the Joint Staff Mitigation Oversight Task Force (MOTF).
- The MOTF's budget.
- Any and all communications between the MOTF and individual members of Congress and Congressional Committees mentioning or referring to this report.
- Any and all draft and final talking points mentioning or referring to the MOTF reports.
- Any and all records in the IRTF's isolated records system mentioning Edward Snowden, 1.7 million, 900,000, "person of interest," "traitor," and "former National Security Agency contractor."
- Any and all IRTF-2 reports.
- Any and all communications between the DIA IRTF Task Force and the Office of Director of National Intelligence and the Office of the National Counterintelligence Executive (ONCIX)

13.     Plaintiff's request sought expedited processing.

14.     At the time of the filing of this Complaint, more than 10 calendar days have passed, but Plaintiff has not yet received a ruling on his request for expedited processing.

## COUNT I:
## VIOLATION OF FOIA

15.     Defendant violated FOIA by failing to grant Plaintiff expedited processing.

16.     Plaintiff has exhausted his administrative remedies because more than 10 calendar days have passed and Defendant has not responded to his request for expedited processing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order Defendant to search for and process the requested records on an expedited basis;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(4) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

__/s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*